IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Tonya Morrison,                      :

    Plaintiff,                   :

  v.                                 :        Case No. 2:06-cv-0283

Robert J. Stephenson, Muskingum      :        JUDGE FROST
County Sherriff, et al.,
                                           :

    Defendants.

ORDER

    This case involves claims by the plaintiff, Tonya Morrison, that she was subjected to an unreasonable use of force by the defendants, all employees of the Muskingum County Sheriff's Department.  The matter is now before the Court to determine whether Ms. Morrison should be allowed to videotape a psychological examination to be undertaken at the request of the defendants.  For the following reasons, the Court concludes that such an order is not appropriate.

I.

    Fed.R.Civ.P. 35 permits a defending party to request an examination of any party to litigation who has placed his or her physical or mental condition "in controversy" by alleging, among other things, that the person has suffered physical or psychological damage as a result of the defending party's actions.  Rule 35 sets forth specific procedures to be followed at the examination, and also permits the Court to order an examination over a party's objection.  It provides, in pertinent part, that

> The order may be made only on motion for good
> cause shown and upon notice to the person to be
> examined and to all parties and shall specify the

> time, place, manner, conditions, and scope of the examination and the person or persons by whom it was to be made.

Here, the parties agree that Ms. Morrison has placed her mental condition in controversy in this case and that the defendants are entitled to conduct an examination under Rule 35. The only disagreement surrounds Ms. Morrison's request that the examination be videotaped. The parties both appear to agree that Rule 35(a), in the language quoted above, does allow the Court to specify videotaping as one of the conditions of the examination under appropriate circumstances. Consequently, the question presented is whether those circumstances exist here.

II.

In her opposing memorandum, Ms. Morrison raises three arguments in support of her claim that the Court ought to allow the psychological examination to be videotaped. First, Ms. Morrison asserts that she has a reasonable fear that "the examination will turn into a *de facto* deposition without the presence of counsel" and that plaintiffs in a lawsuit have an "interest in protecting themselves from an unsupervised interrogation by an agent of their opponents...." (Memorandum contra, at 2). Second, she asserts that she has a concern about the accuracy of the examination and that a videotape will definitively resolve disputes between Ms. Morrison and the examiner, Dr. Smalldon, as to what might have occurred. Finally, she asserts that the use of videotape is common in such examinations. In support of this last argument, she has submitted an affidavit from Robin Gofberg, a psychologist, and an article, both of which state that it is common for forensic mental health evaluations to be videotaped and that the use of videotape does not adversely impact the conduct of the examination.

In their motion, defendants assert that, contrary to the evidence presented by Ms. Morrison, the presence of a video camera will, or may, affect the integrity of the examination. They have supported this factual contention with an affidavit from Dr. Smalldon, the psychologist they have hired to conduct the examination. Further, they assert that allowing this examination to be videotaped will create an "uneven playing field" between the parties because none of the evaluations conducted by Ms. Morrison's own doctors have been videotaped. They note that one of those examinations was a forensic examination similar to the one to be conducted by Dr. Smalldon. However, the defendants did not have the opportunity to record that examination, and they assert that Ms. Morrison should not be given the opportunity to have Dr. Smalldon's examination conducted in a different manor. It is on the basis of these facts and arguments that the instant motion will be decided.

III.

There is a substantial body of case law from both federal and state courts dealing with the question presented here. It has been common for parties, especially those who have advanced claims of mental or emotional injury, to request that their attorney attend a psychological examination requested by the defendants, or that the examination be either videotaped or that an audiotape recording be made. Several decisions have canvassed the state of the law on this issue, noting that there are cases supporting each side of the issue and that, to date, the cases disallowing the presence of either a third party or a recording device at a psychological evaluation outnumber the ones which have allowed such procedures. See, e.g., Cabana v. Forcier, 200 F.R.D. 9 (D. Mass. 2001); Abdulwali v. Washington Area Metro. Transit, 193 F.R.D. 10 (D.D.C. 2000); Holland v. United States, 182 F.R.D. 493 (D.S.C. 1998). An extensive review of the case

3

law is not necessary because the issues are relatively clear and because the issue should not be decided based upon the number of cases which either favor or oppose the presence of a third party or recording device at a forensic psychological evaluation. Rather, the issue should turn on how the law is appropriately applied to a party's request to have a third party or recording device present.

In Galieti v. State Farm Mut. Auto. Ins. Co., 154 F.R.D. 262 (D. Colo. 1994), the Court noted that the case law generally represents three separate approaches to this issue. Some cases presume that there is a presumptive right on the part of the party being examined to have an observer or recording device present. Other cases presume just the opposite. Finally, a third group of cases conclude that the Court has discretion to order such procedures and that the exercise of that discretion ought to be tailored to the facts of each individual case. Essentially for the reasons set forth in the Galieti opinion, this Court agrees that presumptions are not appropriate here. Rather, the Court should appropriately identify those factors germane to the exercise of its discretion in determining whether, as in this case, videotape recording of a forensic psychological examination is appropriate.

The parties have focused much of their briefing on the question of whether the presence of a video camera would, or would not, adversely affect the integrity of the examination. Although the evidence before the Court does not permit a resolution of this factual dispute, the Court concludes, for the following reasons, that it need not resolve the dispute in order to resolve the motion. The Court is willing to assume for the purposes of this decision that having a video camera at the psychological examination would not unduly disrupt the integrity of the examination or that, if it did, that the Court could

4

remedy such disruption by ordering a second examination without the presence of a video camera.  In the Court's view, the question turns on whether or not Ms. Morrison has demonstrated good cause for an order that deviates from the normal procedure set forth in Rule 35, which is that the examination take place without the presence of third-party observers or recording devices.

In <u>Galieti</u>, the Court searched the record for any indication that the examination might be conducted in such a prejudicial fashion that only the presence of a recording device would cure the prejudice.  Finding none, the Court concluded that the plaintiff simply had not met the appropriate burden of proving that the presence of such a device was needed.  That is the case here.

Ms. Morrison has come forward with no evidence indicating that her psychological condition is sufficiently fragile that, if the examination were not recorded, she would likely say or do things that she did not intend and which might be prejudicial to her case.  Similarly, she has presented no evidence that Dr. Smalldon, the chosen examiner, has ever been found to have misused a psychological examination in order to develop evidence to the detriment of the party examined (other than any incidental prejudice which might occur based upon the fact that the party accurately describes his or her symptoms and Dr. Smalldon renders an opinion concerning the cause of those symptoms which might not favor the plaintiff's case).  Similarly, there is no evidence that a dispute has ever developed between Dr. Smalldon's version of such an examination and the examined party's version which required resolution through some type of evidentiary proceeding.  In short, Ms. Morrison has simply presented no evidence that any of the facts and circumstances of this case differ from the ordinary case and require the Court to attach, as a condition to

the examination, a directive that a recording device be made available.

Certainly, the recording of such an examination might well avoid the potential for disputes.  It might also create additional disputes about the integrity of the examination, and it might actually require the jury to hear evidence concerning whether the examination was valid or whether the fact that Ms. Morrison knew she was being videotaped had an impact on the things which she said or the manner in which she conducted herself at the examination.  Again, without some evidence suggesting that the videotape will serve a beneficial purpose in this particular case, the Court sees no reason to order it.

The Court also disagrees that a psychological examination provides a unique potential for the examiner to conduct a *de facto* deposition of the examined party without counsel being present.  That potential exists with respect to any examination, either mental or physical.  Certainly, when a physically injured plaintiff submits to a medical examination, he or she will be asked to give a history of the injury and some of the events leading up to the injury which would also typically be the subject of deposition testimony.  The same is true with respect to a forensic psychological evaluation.  In either case, however, if some abuse does occur, or the potential of such abuse exists, the examined party has adequate remedies through proper preparation for the examination itself, through review of the Rule 35 report, through the deposition of the examiner, and through cross examination at trial to point out the prejudice or to obtain an appropriate court order dealing with it.  <u>See</u> <u>Abdulwali</u>, *supra*.  Again, without evidence that some improper conduct is likely in this case, a ruling in favor of Ms. Morrison would essentially make routine the ordering of a videotape recording of any mental or physical examination conducted under

6

Rule 35.  The Court does not believe the rule contemplates that procedure being routinely incorporated into these examinations.

IV.

Based upon the foregoing, the motion of defendants for an order for plaintiff Tonya Morrison to submit to a mental examination (#39) is granted.  The Court denies Ms. Morrison's request that it condition the examination on the presence of video recording equipment.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge