IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Tonya Morrison,                     :

    Plaintiff,                  :

  v.                                :     Case No. 2:06-cv-0283

Muskingum County Sheriff            :     JUDGE FROST
Robert J. Stephenson, et al.,
                                         :

    Defendants.

ORDER

    At its core, this case involves a claim by plaintiff, Tonya Morrison, that she was subjected to an excessive use of force, and in particular an unnecessary application of a taser, while she was in the custody of the Muskingum County Sheriff's Department.  She also asserts that other unnecessary force, including striking and kicking, occurred while she was restrained.

    On July 11, 2007, Ms. Morrison filed a motion for leave to amend her complaint to state two additional legal claims.  Both of those claims relate to matters which she learned about for the first time during discovery.  According to Ms. Morrison, she has learned (or at least has developed evidence sufficient to support a claim) that the defendants may have destroyed certain evidence relating to her claim or improperly covered up the investigation of her allegations.  As a result, she seeks to add two claims to her complaint which incorporate legal theories related to the alleged spoliation of evidence and cover-up.  The motion has been fully briefed and is ripe for decision.  For the following reasons, the motion for leave to amend will be granted.

I.

Fed.R.Civ.P. 15(a) states that when a party is required to seek leave of court in order to file an amended pleading, "leave shall be freely given when justice so requires." The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in Foman v. Davis, 371 U.S. 178 (1962) and Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971), decisions which give substantial meaning to the "when justice so requires." In Foman, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted. In Zenith Radio Corp., the Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has noted that:

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir.1994) (citing Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau, 786 F.2d 101, 103 (2d Cir.1986)). See also Moore v. City of Paducah, 790 F.2d 557 (6th Cir.1986); Tefft v. Seward, 689 F.2d 637 (6th Cir. 1982). Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among other things, whether an amendment at any stage

of the litigation would make the case unduly complex and confusing, see Duchon v. Cajon Co., 791 F.2d 43 (6th Cir.1986) (per curiam), and to ask if the defending party would have conducted the defense in a substantial different manner had the amendment been tendered previously. General Electric Co. v. Sargent and Lundy, 916 F.2d 1119, 1130 (6th Cir.1990); see also Davis v. Therm-O-Disc, Inc., 791 F. Supp. 693 (N.D. Ohio 1992).

The Court of Appeals has also identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading. They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility. Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir.1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir.1989). The Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment. Id. It is with these standards in mind that the instant motion to amend will be decided.

II.

The facts relating to the motion for leave to amend can be summarized as follows. According to Ms. Morrison, Sheriff Stephenson testified at his deposition that, after Ms. Morrison complained about her treatment at the hands of the Sheriff's Department, he delegated responsibility for the investigation to his subordinate, Colonel Hoover. Colonel Hoover (also referred to as Chief Deputy Hoover) testified that he asked other jail employees to make a full investigation of Ms. Morrison's claims and that he concluded, after the results of that investigation were disclosed to him, that her claims were meritless. However,

contrary to his testimony, the Captains to whom the investigation was assigned testified that they never had an opportunity to begin an investigation because Chief Deputy Hoover told them that the complaint was false and that there was no need to investigate.  Ms. Morrison claims that the conscious failure to investigate her claims is actionable under both state and federal laws.

With respect to her spoliation of evidence claim, Ms. Morrison points to conflicting deposition testimony concerning certain photographs purporting to show her injuries and, in particular, a discrepancy between the official evidence list concerning the number of photographs that were taken and the number which have been produced.  She also notes that one of the eyewitnesses to her arrest, Todd Ludwig, testified at his deposition that he wrote out a statement at the request of the Sheriff's Department.  That statement has never been produced. She contends that if, in fact, Mr. Ludwig did give a statement to the defendants which was then destroyed or misplaced, and if there were additional photographs of her injuries which were not produced, the defendants may be guilty of spoliation of evidence.

In their memorandum in opposition, the defendants dispute the factual bases of many of these claims.  In particular, they assert that Mr. Ludwig never gave a statement to the police and that there were never any additional photographs or other visual evidence beyond those which were produced.  Although they apparently do not dispute that Chief Deputy Hoover terminated the investigation of Ms. Morrison's claim, they assert that he did so because the objective evidence from the taser device itself did not substantiate her claim that it had been used on her more than once.  They also raise a number of legal objections which will be discussed more fully below.

III.

The Court notes that, as a threshold matter, Ms. Morrison must persuade the Court that good cause exists to permit her to move for leave to amend her complaint after the date for such motions established in the preliminary pretrial order. Fed.R.Civ.P. 16(b) requires that a showing of good cause be made before any deadline established in a pretrial order may be extended. Good cause typically consists of a showing that, despite the exercise of due diligence, the basis for the motion could not have been discovered in time for a motion to have been filed prior to the deadline established by the Court.

Here, defendants appear not to contest the fact that the evidence which Ms. Morrison relies upon to support her claim could not have been discovered in time for her to have met the Court-established deadline for filing a motion for leave to amend. The Court has also met with counsel on a number of occasions about discovery matters and is fully aware that much of the discovery leading to the filing of the motion has occurred only in recent months, well after the deadline at issue, and that both parties diligently conducted discovery in this case. Under those circumstances, the Court has little difficulty in concluding that Ms. Morrison has demonstrated good cause for the untimely filing of her motion. The Court therefore turns the question of whether the motion for leave to amend should be granted under the standards described above.

IV.

Defendants' first objection to the motion for leave to amend is that the factual claims described by Ms. Morrison both in her supporting memorandum and in the amended complaint are simply not true. However, the issue before the Court is not whether Ms. Morrison will eventually be able to prove these claims, but whether she should be permitted to make them at all. Whether her

claims ultimately prove to have factual merit is irrelevant to that inquiry.  Defendants also raise a related argument, namely that permitting the amendment at this time would be futile.  Part of that argument is premised upon the lack of any factual foundation for the claims.  Part of it, however, is based upon an assertion that the claims are legally insufficient, including that they are being tendered well after the expiration of the statute of limitations and that there is no cause of action recognized under state or federal law for the negligent spoliation of evidence.

With respect to the former contention, it would be better resolved in the context of a motion to dismiss where Ms. Morrison may make an argument that the claims relate back to the date of the filing of the complaint.  Whether she can meet the requirements for relation back set forth in Rule 15 simply cannot be decided on the basis of the present record.  With respect to the latter objection, although it may ultimately turn out that the facts, as they are developed, support no more than a claim for negligence spoliation, Ms. Morrison has alleged more in her complaint.  In particular, she alleges that all of the acts relating to either the spoliation claim or the cover-up claim were done willfully and intentionally.  Because the amended complaint does allege intentional action, the Court cannot refuse to permit Ms. Morrison to file it simply on grounds that the facts will ultimately disprove that claim.

The defendants also object to the timing of the motion, arguing that the delay in tendering the amendments will prejudice their ability to defend themselves against these claims and will require that additional and extensive discovery be conducted.  With respect to the timing issue, the Court's conclusion that this motion was tendered as soon as possible after the facts supporting the new claims were allegedly discovered negates any

inference that the motion was made in bad faith or that Ms. Morrison had a dilatory motive.  Further, the Court is not persuaded that the defendants will suffer any prejudice.  Ms. Morrison's claims appear to be based upon deposition testimony and document production which has already occurred.  Although new legal theories will be introduced into the case, they are based upon facts which have already been the subject of extensive discovery.  As Ms. Morrison correctly notes in her reply memorandum, the defendants have not pointed to any particular depositions or other discovery which will be required in order to allow the defendants to meet the substance of these claims.  Further, the trial is not scheduled until March of 2008.  Under all the circumstances, the Court concludes that the defendants will not be prejudiced if the amended complaint is permitted to be filed at this time.

V.

Based upon the foregoing, plaintiff's motion for leave to amend complaint to state two additional legal claims (#62) is granted.  The Clerk shall detach and file the amended complaint attached to the motion.  Defendants shall move or plead in response to the amended complaint within ten days.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the

filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


/s/ Terence P. Kemp
United States Magistrate Judge