**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**TONYA MORRISON,**

        **Plaintiff,**                              Case No.  2:06-cv-283
                                                                JUDGE GREGORY L. FROST
        **v.**                                               Magistrate Judge Terence P. Kemp

**ROBERT J. STEPHENSON, MUSKINGUM
COUNTY SHERIFF, et al.,**

        **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Strike Muskingum County Defendants' Reply in Support of Summary Judgment ("Plaintiff's Motion to Strike") (Doc. # 132), Defendants' Memorandum in Opposition to Plaintiff's Motion to Strike (Doc. # 133) and Plaintiff's Reply in Support of its Motion to Strike (Doc. # 139).

In Plaintiff's Motion to Strike, she requests that certain documents that were submitted by Defendants in support of their reply brief should be stricken for the purpose of summary judgment under Local Rule 7.2.  Rule 7.2 permits new evidentiary submissions on reply only when (1) the new evidence was unavailable to the moving party when it filed for summary judgment; and (2) the evidence is necessary to rebut a specific allegation raised in the memorandum contra.

In opposition, Defendants argue that the documents at issue were created to rebut positions argued by Plaintiff in her memorandum contra:

> Apparently Plaintiff was suggesting for the first time [in her memorandum contra] that maybe it was not just Deputy Wilhite's TASER device that was used, but that it could have been any of those TASER devices owned by the Sheriff's Office.  In

>order to reply, Defendants presented a second Affidavit of Andrew Hinz and an Affidavit of Randy Wilson which provided a TASER download printout for every TASER device owned by the Sheriff's Office from April, 2005 to the present. (Wilson Affidavit, ¶¶5, 8).

(Doc. # 133 at 3.)

Defendants' argument is unpersuasive.  That is, the Taser use printouts for every device owned by the Muskingum County Sheriff's Department at the relevant time period were requested early in discovery and had even been the subject of a successful motion to compel. (*See* Doc. # 60 at 4; Doc. # 66, Ex. C; Doc. # 115.)  It is absolutely improper for Defendants to utilize evidence in their reply that was not produced in discovery, in spite of requests. Because this Court has already issued a decision on Defendants' motion for summary judgment and found it unnecessary to rely on the documents at issue here, Plaintiff's Motion to Strike has been rendered moot.  However, although discovery has ended in this action the Court will permit Plaintiff to engage in discovery on this topic, including a deposition of Lieutenant Wilson.

Based on the foregoing, Plaintiff's Motion to Strike (Doc. # 132) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

>**/s/ Gregory L. Frost**
>**GREGORY L. FROST**
>**UNITED STATES DISTRICT JUDGE**