IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TONYA MORRISON,

        Plaintiff,                  Case No. 2:06-cv-283
                                           JUDGE GREGORY L. FROST
    v.                                Magistrate Judge Terence P. Kemp

ROBERT J. STEPHENSON, MUSKINGUM
COUNTY SHERIFF, et al.,

        Defendants.

**OPINION AND ORDER**

This matter is before the Court for consideration of Plaintiff's Motion *in Limine* Regarding Plaintiff's Character (Doc. # 168) and Plaintiff's Motion *in Limine* to Exclude Speculative Theories of Causation (Doc. # 169).

**I.  Applicable Standards**

**A.  Motion *in limine* standard**

Although neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize the Court to rule on an evidentiary motion *in limine*, the United States Supreme Court has noted that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).  The purpose of a motion *in limine* is to allow the Court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial.  *See Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).

Courts, however, are generally reluctant to grant broad exclusions of evidence *in limine*, because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp.2d 1385, 1388 (D. Kan 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). A court should not make a ruling *in limine* unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible. *Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *Koch*, 2 F. Supp. 2d at 1388.

### B. Rule 609 of the Federal Rules of Evidence

The Federal Rules of Evidence allow for the truthfulness of a witness to be impeached by evidence of prior criminal convictions. *See* Fed. R. Evid. 609. The 1975 Advisory Committee notes to the Rule recognize that not all criminal convictions are relevant to the impeachment of credibility, and that certain safeguards are necessary to prevent unfair prejudice to those testifying. The Rule first states that evidence of prior criminal convictions is admissible so long as the crime was punishable by death or imprisonment in excess of one year. Fed. R. Evid. 609(a)(1). Additionally, any evidence of prior criminal convictions is admissible regardless of punishment "if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness." Fed. R. Evid. 609(a)(2). The 1990 Advisory Committee notes to the Rule clarify that "dishonesty and false statement" include crimes such as perjury, subornation of perjury, false statement, criminal fraud, embezzlement, false pretense, or any other offense in the nature of *crimen falsi*, commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.

### C. Expert testimony

Expert testimony under the Federal Rules of Evidence is governed by primarily by Rule 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). In *Daubert*, the Supreme Court held that trial judges must perform a "gate-keeping role" when considering the admissibility of expert testimony. *Daubert*, 509 U.S. at 597.  Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

The United States Court of Appeals for the Sixth Circuit has stated that "[a]n expert's opinion must be supported by 'more than subjective belief and unsupported speculation' and should be supported by 'good grounds,' based on what is known." *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800–801 (6th Cir. 2000) (citing *Pomella v. Regency Coach Lines, Ltd.*, 899 F. Supp. 335, 342 (E.D. Mich. 1995)). Further, "mere 'weaknesses in the factual basis of an expert witness' opinion . . . bear on the weight of the evidence rather than on its admissibility." *McLean*, 224 F.3d at 801 (citing *United States v. L.E. Cooke Co.*, 991 F.2d 336, 342 (6th Cir. 1993)).

## II. Analysis

### A. Regarding Plaintiff's Character (Doc. # 168)

Plaintiff's first motion *in limine* seeks to prevent Defendants "from introducing evidence or any reference thereto" of certain charges pending against Plaintiff in Muskingum County, Ohio. These charges include attempted theft, trespassing, and criminal damaging.  Plaintiff

3

argues that should she be convicted, evidence of such convictions would not be admissible because the punishment for each would not meet one year minimum required by Fed. R. Evid. 609(a)(1). Defendants argue that comments made by Plaintiff to Defendants are admissible at trial as admissions to a party opponent under Fed. R. Evid. 801(d)(2). Additionally, Defendants argue that such evidence would be admissible under Fed. R. Evid. 609(a)(2) as prior criminal convictions involving an act of dishonesty or false statement.

Should Plaintiff not be convicted of the misdemeanors, the Court finds that evidence relating to these charges would not be relevant to the current case and thus are clearly inadmissible. The Court is equally convinced that if she is convicted, such evidence would still be irrelevant. Regarding Rule 609(a)(1), Plaintiff's argument is correct. The misdemeanors in dispute are not punishable by imprisonment in excess of one year and therefore are clearly outside of the scope of subdivision (a)(1).

Further, the Court finds Defendants' argument regarding Fed. R. Evid. 801(d)(2) unpersuasive. That Rule provides that an admission by a party-opponent is not hearsay. Fed. R. Evid. 801(d)(2)(A). Simply because the statement is not hearsay does not guarantee admissibility. That is, even if Plaintiff made statements that were admissions against interest regarding the misdemeanors in question, the introduction of such statements is still subject to the more specific Rule regarding character evidence set forth above, *i.e.*, Fed. R. Evid. 609(a)(1).

Fed. R. Evid. 609(a)(2) requires this Court to admit evidence of prior criminal convictions if "it can be readily determined that establishing the elements of the crime required proof or admission of an act of dishonest or false statement by the witness." The Sixth Circuit and our sister district courts have concluded that the crimes at issue in this case do not meet the "dishonesty or false statement" standard. *See United States v. Rattigan*, Case No. 92-3597, 1993

WL 190910, at *4 (6th Cir. June 2, 1993) (declining to extend rule to theft, trespassing, and unauthorized use of property); *United States v. Scisney*, 885 F.3d 325, 326 (6th Cir. 1989) (shoplifting baking soda from a grocery store not the type of conviction contemplated by the rule); *McHenry v. Chadwick*, 896 F.2d 184, 188 (6th Cir. 1990) (concealing stolen property involved dishonesty within the meaning of the rule, but shoplifting did not); *Speers v. Univ. of Akron*, 196 F.Supp.2d 551, 558 (N.D. Ohio 2002) (shoplifting and trespass convictions plainly inadmissible); *Townsend v. Benzie County*, No. 1:00-CV-482, 2002 U.S. Dist LEXIS 7072, at *3 (W.D. Mich April 12, 2002) (drunk driving and destruction of property convictions not admissible).

Therefore, the statements allegedly made by Plaintiff regarding her misdemeanor charges are inadmissible.

### B. Exclusion of speculative theories of causation (Doc. # 169)

In her second motion *in limine*, Plaintiff seeks to prevent Defendants' expert witness, Dr. Ho, from "testifying about possible alternative theories of causation relating to the [TASER] burn markings." Plaintiff first argues that any such statement by Dr. Ho would fail to satisfy the *Daubert* standard for expert testimony. Next, Plaintiff argues that said testimony is not admissible because such testimony must be couched in terms of probability rather than possibility. Defendants argue that Dr. Ho is qualified to opine possible causes of Plaintiff's markings and that such opinions are admissible. The Court will address each argument in turn.

As part of its gatekeeping role under *Daubert*, the Court must determine whether or not an expert's testimony would be reliable and whether it is relevant. *See Daubert*, 509 U.S. at 597. The reliability assessment focuses on whether the reasoning or methodology underlying the testimony is scientifically valid. *Id*. The expert's testimony must be grounded in the methods

and procedures of science and must be more than unsupported speculation or subjective belief. *Id*. Plaintiff argues that because there is no evidence in the record of alternative possible causes, Dr. Ho's testimony is "not derived from any scientifically sound method, but rather from mere conjecture and speculation." Plaintiff does not assert that opining as to what a particular wound looks like is outside of Dr. Ho's expertise. Defendants note that part of Dr. Ho's expertise is knowledge of markings caused by use of TASERs, scrapes, bites, burns, and other acts.

In this case, there is evidence of what Plaintiff's back looked like after the incidents in question. One of the primary issues in this case is whether or not the markings on Plaintiff's back were caused by more than one application of a TASER. Testimony as to what could have caused markings like those on Plaintiff's back would certainly assist the trier of fact. As such, the testimony is relevant. Additionally, Dr. Ho is qualified to make such opinions, so his testimony would be reliable. Therefore, the Court finds Plaintiff's first argument unpersuasive.

Plaintiff also argues that an expert rendering opinions concerning causation must express such opinions in terms of probability and not possibility. Plaintiff's cite the state court case of *Stinson v. England* which held that a defense expert is "precluded from engaging in speculation or conjecture with respect to possible causes as is an expert who testifies for the plaintiff" and that such opinions of causation must have a probability of more than fifty percent. *Stinson v. England*, 69 Ohio St.3d 451, 456–457 (1994). In *Stinson*, the defense's expert testified as to three possible causes, each which was less than fifty percent likely. *Id*. at 457. Ultimately however, the Court allowed the testimony stating that even though the evidence was inadmissible to establish the possible alternatives as a cause, it was still admissible to controvert the Plaintiff's theory of causation. *Id*.

In the present case, Defendants have stated that Dr. Ho will not testify as to what definitively caused Plaintiff's injury. Plaintiff may attempt to show that the markings on her back were caused by more than one application of a TASER. Under *Stinson*, Dr. Ho's testimony would be admissible if used to rebut Plaintiff's assertion that a particular marking was caused by a TASER. In *Wilder v. Eberhart*, the United States Court of Appeals for the First Circuit was faced with a similar issue. *Wilder v. Eberhart*, 977 F.2d 673 (1st Cir. 1992). The court allowed testimony concerning alternate causes couched in terms of possibility to rebut Plaintiff's evidence. *Id*. at 677. The court reasoned that limiting a defense expert to testifying as to the probable cause of injury would essentially place the burden on the defendant to disprove causation after the Plaintiff has presented evidence concerning causation. *Id*.

The Court finds Defendants' arguments and the reasoning of the First Circuit Court of Appeals persuasive. Defendants' expert may posit the kinds of injuries that could have caused Plaintiff's wounds in his expert opinion, so long as such remarks are made in rebuttal of Plaintiff's expert and are not done to establish a cause. Therefore, the Court **DENIES** Plaintiff's second Motion *in Limine* (Doc. # 169).

### III. Conclusion

For the reasons discussed herein, the Court **GRANTS** Plaintiff's Motion *in Limine* (Doc. # 168), and **DENIES** Plaintiff's Motion *in Limine* (Doc. # 169). As with all *in limine* decisions, these decisions are subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trail motion and memoranda.

IT IS SO ORDERED.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE