IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TONYA MORRISON,

      Plaintiff,

v.

ROBERT J. STEPHENSON, MUSKINGUM
COUNTY SHERIFF, et al.,

      Defendants.

Case No. 2:06-cv-283
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## ORDER

This matter is before the Court for consideration of Plaintiff's Motion *in Limine* Regarding Certain Conversations Between Plaintiff and Her Friends and Family (Doc. 229), Plaintiff's Motion *in Limine* Regarding a Particular Video Recording of Trinda Walter (Doc. # 228), and Plaintiff's Motion *in Limine* Regarding Certain Voice Messages (Doc. # 245). Defendants have opposed all three motions and this Court heard argument from the parties' counsel at the final pretrial conference held on November 17, 2008. Also before the Court is Plaintiff's unopposed Motion to File Manually. (Doc. # 230.)

### I. Background

This 42 U.S.C. § 1983 case arises from an April 3, 2005 incident between Plaintiff and certain Muskingum County Sheriff Deputies, in which Plaintiff was arrested and confined to a jail cell at the Muskingum County Jail. Plaintiff alleges that Defendants used excessive force against her at the jail when she was tasered at least once and that several of the defendants failed to intervene to prevent the excessive use of force. Plaintiff also claims that she was tasered by Defendants in retaliation for her complaints and requests for medical care while at the jail.

Trial in this action begins on December 1, 2008.

## II. Standard

Although neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize the Court to rule on an evidentiary motion *in limine*, the United States Supreme Court has noted that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The purpose of a motion *in limine* is to allow the Court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial. *See Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).

## III. Discussion

### A. Plaintiff's Motion *in Limine* Regarding Certain Conversations Between Plaintiff and Her Friends and Family

Plaintiff asks this Court to prohibit defense counsel from questioning certain witnesses about a conversation in which Plaintiff allegedly told her friends, Angela Quinn and Trinda Walter, and her brother Todd Ludwig, that she would buy them Cadillac Escalades with the money she would receive from this lawsuit. Plaintiff also allegedly told her brother that she would pay off his mortgage with the same funds. Defendants ague that Plaintiff was attempting to bribe these individuals into testifying favorably for her in this lawsuit. Plaintiff, however, contends that Defendants have failed to establish (during depositions) that Plaintiff was attempting to bribe these individuals and that even if they had, the prejudicial value of this information far outweighs its probative value. Plaintiff's arguments are not well taken.

The Court concludes that counsel may question Plaintiff and Angela Quinn about the statements at issue here. Further, questions concerning this issue may also be asked of other

2

witnesses if a good faith basis exists that such witnesses were involved in such conversation with Plaintiff or if they were present when such comments occurred. This testimony is relevant to show bias and its probative value is not substantially outweighed by the danger of unfair prejudice.

Rule 401 defines as "relevant evidence" evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Rule 402 provides that all relevant evidence is admissible, except as otherwise provided by the United States Constitution, by Act of Congress, or by applicable rule. Fed. R. Evid. 402. "A successful showing of bias on the part of a witness would have a tendency to make the facts to which he testified less probable in the eyes of the jury than it would be without such testimony." *United States v. Abel*, 469 U.S. 45 (1984). In the instant action, Defendants have a good faith basis to question Plaintiff and Angela Quinn about the alleged offer of a car and/or payment of a mortgage in exchange for testimony.

Further, Rule 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403. Here, the potential prejudicial effect of the contested evidence does not substantially outweigh its probative value. The testimony about the offer of cars or payment of a mortgage would certainly be probative as to the offeree's potential bias, and this value is not substantially outweighed by the potential that the jury would be unfairly prejudiced toward Plaintiff.

3

Accordingly, the Court **DENIES** Plaintiff's Motion *in Limine* Regarding Certain Conversations Between Plaintiff and Her Friends and Family. (Doc. # 229.)

**B. Plaintiff's Motion *in Limine* Regarding a Particular Video Recording of Trinda Walter**

Plaintiff requests an order that would exclude a video taped recording of Trinda Walter's drunk driving arrest. Defendants argue that the tape shows a bias that Walters has toward the Muskingum County Sheriff's Department that could taint her testimony. Defendants' argument is not well taken.

As Plaintiff contends, the probative value of the arrest, which occurred over one and one-half years after the incident that is the basis of this lawsuit, is substantially outweighed by the danger of unfair prejudice from the jury viewing the tape. *See* Fed. R. Evid. 403. Defendants may question Walter about her bias, if any, toward the Sheriff's Department, but shall not play the tape of her in an intoxicated state where she is yelling about a possible conspiracy by the Department. Walter's emotional and intoxicated state would surely inflame the jury and unfairly prejudice it toward her.

Accordingly, the Court **GRANTS** Plaintiff's Motion *in Limine* Regarding a Particular Video Recording of Trinda Walter. (Doc. # 228.)

**C. Plaintiff's Motion *in Limine* Regarding Certain Voice Messages**

Plaintiff requests that this Court prohibit the playing of certain voice messages that Plaintiff left for Andrew Prince over one year after the events that are the bases of this lawsuit, in which Plaintiff yelled profanities and was in an extremely emotional state of mind.[1] Plaintiff

---

[1] Defendants argue that this voice recording reflects on Plaintiff's mental state and it is therefore relevant to her mental injury damages claim. However, Plaintiff has withdrawn her claim for damages for the infliction of certain mental injuries and illnesses as a result of the

alleges, and Prince denies, that Prince had told her in a conversation immediately before Plaintiff left the messages that he had sex with Plaintiff's 14 year old daughter.  Defendants argue that the evidence is admissible because it is relevant, its probative value is not substantially outweighed by the danger of unfair prejudice, and that Fed. R. Evid. 404(b) provides for admission of the messages.  Defendants' argument is not well taken.

First, Rule 404 provides: "Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion . . . ."  Fed. R. Evid. 404(a).  Here, if the jury were to hear these vulgar messages, the image of Plaintiff screaming them would easily carry over to the incidents at the jail that are the bases of this lawsuit.  In other words, by introducing evidence of Plaintiff acting in a volatile and irrational way could easily persuade the jury that Plaintiff acted in conformity with these character traits on the night in question.  Rule 404(b) does not change the Court's view of this evidence.

Further, as Plaintiff correctly notes, "it is hard to imagine something much more prejudicial that these vulgar voice messages."  (Doc. # 245 at 5.)  The Court finds that the probative value of voice messages made one year after the incident in question and under questionable circumstances, is substantially outweighed by the danger of unfair prejudice from the jury hearing the tape recording.  *See* Fed. R. Evid. 403.

Accordingly, the Court **GRANTS** Plaintiff's Motion *in Limine* Regarding Certain Voice Messages.  (Doc. # 245.)

---

events at issue in this action.  (Doc. # 255.)  Consequently, Defendants' argument is no longer relevant.

5

**D. Plaintiff's Unopposed Motion to File Manually**

The Court **GRANTS** Plaintiff's Unopposed Motion to File Manually, wherein Plaintiff requests to manually file a recording of the phone messages at issue in one of Plaintiff's motions in *limine* . (Doc. # 230.)

## IV. Conclusion

Based on the foregoing, the Court **DENIES** Plaintiff's Motion *in Limine* Regarding Certain Conversations Between Plaintiff and Her Friends and Family (Doc. # 229), **GRANTS** Plaintiff's Motion *in Limine* Regarding a Particular Video Recording of Trinda Walter (Doc. # 228), **GRANTS** Plaintiff's Motion *in Limine* Regarding Certain Voice Messages (Doc. # 245), and **GRANTS** Plaintiff's Unopposed Motion to File Manually (Doc. # 230). As with all *in limine* decisions, these rulings are subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motions and memoranda.

**IT IS SO ORDERED**.

　　　　　　　　　　　　　　　　　　　　　／s/ Gregory L. Frost　　　　　
　　　　　　　　　　　　　　　　　　　　**GREGORY L. FROST**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**